Filed 12/23/15  P. v. McBreairty CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JUDAH McBREAIRTY,<br><br>      Defendant and Appellant. | D066161<br><br><br><br>(Super. Ct. No. SCD254139) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Marilyn L. George and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted Judah McBreairty of battery on a peace officer with injury (Pen. Code, § 243, subd. (c)(2))[1] and resisting an officer in the performance of his duty (§ 69). On appeal, McBreairty contends: (1) the trial court erred when it failed to sua sponte instruct the jury on the lesser included misdemeanor offense of battery on a peace officer without injury (§ 243, subd. (b)); (2) the trial court violated his right to represent himself and his right to a fundamentally fair trial when, following the grant of a *Pitchess*[2] motion, the court did not release discoverable information in a police file directly to him as a self-represented litigant, but ordered the information to be released to a coordinator; and (3) the prosecutor violated McBreairty's right to a fundamentally fair trial by failing to provide the information from the police file under *Brady*.[3]

We disagree with each of McBreairty's contentions and affirm the judgment. Substantial evidence did not exist to warrant instructing the jury on the lesser included misdemeanor offense of battery on a peace officer without injury and, even if an instruction on the lesser included offense should have been given, any error was harmless because it is not reasonably probable McBreairty would have obtained a more favorable outcome. Additionally, the court was not obligated under section 1054.2, subdivision (b), to provide the *Pitchess* information directly to McBreairty as a self-represented litigant

---

[1]    Further statutory references are to the Penal Code unless otherwise specified.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[3]    *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*).

and the prosecution had no duty under *Brady* to investigate or obtain the *Pitchess* information for McBreairty. (*People v. Superior Court (Johnson)* (2015) 61 Cal.4th 696, 709 (*Johnson*).)

FACTUAL BACKGROUND

A private security guard called the police after he had a verbal altercation with McBreairty in a parking lot the guard was patrolling. During the encounter, the guard thought McBreairty was going to pull a knife out of his backpack. The guard also observed McBreairty curse at people walking by and believed McBreairty to be a danger. Two San Diego police officers responded and spoke to the guard who pointed them in McBreairty's direction. The officers approached McBreairty and, when they were approximately 10 feet away, McBreairty ran into the middle of an intersection.

Two other San Diego Police Officers, Macaine Piercy and Eric Coats, also responded. They observed McBreairty run from the first two officers and into the intersection, in the direction of Piercy and Coats's patrol car. Piercy got out of the patrol car, ran after McBreairty, and tackled him on a grassy area.

While Officer Piercy was on top of McBreairty, McBreairty shook his head back and forth and pulled his hands underneath himself. As Piercy tried to secure McBreairty's right hand, McBreairty pulled his head back and then downward causing his front teeth to hit Piercy's left forearm and puncture the skin. Piercy felt McBreairty bite him. Piercy and two other police officers handcuffed McBreairty.

Officers Piercy and Coats took McBreairty to police headquarters to complete paperwork. While transporting McBreairty the three or four blocks from police

3

headquarters to the jail, McBreairty told the officers they were going to spend time at the hospital. He then started banging his head against the metal grate partition in the police car about 10 to 20 times until there was blood and skin everywhere. As a result of McBreairty's injuries, he could not be booked into jail and was taken to a hospital.

Officer Piercy stayed with McBreairty at the hospital for about five hours until other police officers took over. While at the hospital, the nurses cleaned and applied topical cream to the bite mark on Piercy's arm. The next morning, Piercy sought medical attention at the police department's medical provider where they cleaned the bite mark again, drew 24 vials of blood, and took ultrasounds of Piercy's internal organs including his spleen and liver.

## DISCUSSION

### I

### *Instruction on the Lesser Included Misdemeanor Offense of Battery on a Peace Officer Without Injury*

McBreairty was convicted of felony battery on a peace officer with injury (§ 243, subd. (c)(2)). McBreairty contends the trial court prejudicially erred when it failed to sua sponte instruct the jury on the lesser included misdemeanor offense of battery on a peace officer without injury (§ 243, subd. (b)). We are not persuaded.

### A

### *No Substantial Evidence to Warrant Instruction on Lesser Included Offense*

" 'California law has long provided that even absent a request, and over any party's objection, a trial court must instruct a criminal jury on any lesser offense "necessarily

4

included" in the charged offense, if there is substantial evidence that only the lesser crime was committed.' " (*People v. Anderson* (2006) 141 Cal.App.4th 430, 442.)  The trial court's sua sponte duty to instruct on a lesser included offense exists " 'when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154.)  "This standard requires instructions on a lesser included offense whenever ' "a jury composed of reasonable [persons] *could . . . conclude*[]" ' that the lesser, but not the greater, offense was committed." (*Id.* at p. 177.)  " 'An appellate court applies the independent or de novo standard of review to the failure by a trial court to instruct on an uncharged offense that was assertedly lesser than, and included in a charged offense.' " (*People v. Hayes* (2006) 142 Cal.App.4th 175, 181.)

The issue here is whether the record contains substantial evidence to allow reasonable persons to conclude McBreairty is guilty of battery without injury, but not battery with injury.  For the purposes of section 243, injury is defined as "any physical injury which requires professional medical treatment."  (§ 243, subd. (f)(5).)  The test for determining the existence of an injury is not whether the officer actually sought out medical treatment, rather, "[i]t is the nature, extent, and seriousness of the injury—not the inclination or disinclination of the victim to seek medical treatment—which is determinative."  (*People v. Longoria* (1995) 34 Cal.App.4th 12, 17.)  "The test is objective and factual" so the jury must decide whether it believes the injury required medical treatment, as opposed to what the officer thought of his or her injury.  (*Ibid.*)

5

Officer Piercy testified McBreairty bit his arm, which broke the skin and caused it to bleed.  The cut scabbed and healed on its own without any stitches or staples.  Although the bite mark itself did not require medical treatment to heal beyond cleaning and topical medicated cream, Piercy took medication, had 24 vials of blood drawn, and had ultrasounds taken of his internal organs.  Piercy was scheduled to have 24 more vials of blood drawn the week after trial and more ultrasounds, two months after McBreairty bit him.

McBreairty focuses his argument on the extent of the bite itself, which resulted in "two small red marks" that scabbed over in a week or two, and healed like a normal cut.  However, McBreairty fails to address the nature of the cut, a human bite with health and medical implications beyond the cut itself.  No reasonable jury could conclude a bite, which broke the skin and exposed an open wound to human saliva, potentially subjecting Piercy to infection or other maladies, did not require medical treatment.  Thus, we conclude there was no substantial evidence to warrant instructing the jury on the lesser included misdemeanor offense of battery on a peace officer without injury.

B

*Harmless Error Analysis*

Even if the court should have instructed on the lesser included misdemeanor offense of battery without injury, the error would have been harmless.  " 'The erroneous failure to instruct on a lesser included offense generally is subject to harmless error review under the standard of *People v. Watson* (1956) 46 Cal.2d 818, [836-837].  Reversal is required only if it is reasonably probable the jury would have returned a

6

different verdict absent the error or errors complained of.' " (*People v. Prince* (2007) 40 Cal.4th 1179, 1267.)  Thus, a defendant must demonstrate it is "reasonably probable" the jury would have returned a different, more favorable verdict if the omitted lesser instruction had been given.  (*Ibid.*)  A " 'probability' " in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility.*" (*People v. Soojian* (2010) 190 Cal.App.4th 491, 519.)  This review "focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration.  In making that evaluation, an appellate court may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result."  (*People v. Breverman*, *supra*, 19 Cal.4th at p. 177.)

Under the facts of this case—a bite which broke the skin, exposed the officer to human saliva, and required medical treatment and monitoring—we conclude it is not reasonably probable a jury would have concluded there was no injury.  Therefore, there is no reasonable probability McBreairty would have obtained a better result if the jury were instructed regarding misdemeanor battery.

II

*Discovery of Information Within Police File*

McBreairty contends the trial court violated his right to self-representation and his right to a fundamentally fair trial when the court did not provide discoverable information

in Officer Piercy's police file directly to him as a self-represented litigant and, instead, ordered the information to be released to a coordinator. Again, we are not persuaded.

A

*Background Facts*

A deputy public defender representing McBreairty filed a *Pitchess* motion seeking discovery of police files and records for any evidence of excessive use of force, false statements in police reports, or dishonesty by Officers Coats and Piercy. McBreairty subsequently became a pro per litigant and represented himself at the hearing on the *Pitchess* motion. The court granted the *Pitchess* motion, finding sufficient good cause to review Piercy's personnel file on the issue of excessive force. After reviewing the file in camera, the court found there was something in the file sufficiently similar to allow further discovery. The court ordered the names, addresses, and phone numbers of two witnesses to be disclosed to McBreairty's coordinator. McBreairty asked for clarification about who his coordinator was and how he could contact the coordinator. The courtroom clerk advised him the public defender typically assigns a coordinator for pro per litigants. Since McBrearity only recently started representing himself, the courtroom clerk stated he should contact the public defender if he had not been assigned a coordinator. The city attorney agreed to have the information ready to give to the coordinator by the next week. The record contains no information about what occurred in the 10 days between the *Pitchess* hearing and the start of trial.

McBreairty represented himself at trial. McBreairty sought to introduce the minute order granting the *Pitchess* motion. The court denied McBreairty's request to

8

admit the minute order on relevance and lack of foundation grounds because "[t]he fact that there may be documents that may be released because of a *Pitchess* motion is not evidence that's normally admitted." McBreairty also sought to question Officer Piercy and himself about whether Piercy was under investigation for the use of excessive force. The court denied the request and explained whether or not Piercy was under investigation had no relevance because anyone can be under investigation. The court further explained the fact there is an investigation file does not mean there is relevant evidence within it and, if there was relevant information, it would have to be presented in court, which it was not.

B

*No Duty of Direct Disclosure to Self-Represented Defendant*

Section 1054.2, subdivision (b) states: "[i]f the defendant is acting as his or her own attorney, the court shall endeavor to protect the address and telephone number of a victim or witness by providing for contact only through a private investigator licensed by the Department of Consumer Affairs and appointed by the court or by imposing other reasonable restrictions, absent a showing of good cause as determined by the court." Therefore, a self-represented defendant's access to witness identity information is generally limited to contact through a duly appointed investigator or coordinator. (See *People v. Carson* (2005) 35 Cal.4th 1, 12.)

McBreairty did not show good cause for why the names, addresses, and phone numbers of the two witnesses found within Officer Piercy's police file should be disclosed directly to him rather than to a private investigator or coordinator. Further, as

9

the trial court explained, a coordinator was necessary in this case because McBreairty was in custody and could not pursue the investigation himself. Therefore, the court was not obligated to provide the *Pitchess* information directly to McBreairty as a self-represented litigant.

In his reply brief, McBreairty contends public policy dictates he should have been given more assistance to ensure he received the discoverable information in Officer Piercy's file. McBreairty urges section 1054.2, subdivision (b) required the court to appoint an investigator to pursue the discovery. In addition, although McBreairty concedes the courtroom clerk instructed him to contact the public defender regarding the assignment of a coordinator, he contends his ability to investigate was limited because the minute order did not include these instructions and made no mention of a defense investigator, and because the courtroom clerk never contacted the public defender's office to inform it of the court's order on the *Pitchess* motion. These contentions are not supported by the law or the record.

When the court granted McBreairty's motion to represent himself, the court appointed the Office of Assigned Counsel to provide a legal runner and reasonable ancillary services. At the *Pitchess* hearing, McBreairty was instructed to contact the public defender's office regarding the appointment of a coordinator. McBreairty had prior contact with the public defender's office because he was previously represented by a deputy public defender. The court also advised McBreairty it might be appropriate for him to request a trial continuance to allow time to follow up on the matter. The trial call

10

date was set for six days after the *Pitchess* hearing and trial commenced 10 days after the hearing.

There is no record about what happened in the time between the *Pitchess* hearing and the trial as far as McBreairty's efforts to follow up on the coordinator and the investigation, or request a continuance. "[I]t is the burden of the appellant to provide an adequate record to permit review of a claimed error, and failure to do so may be deemed a waiver of the issue on appeal." (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1385; see *People v. Green* (1979) 95 Cal.App.3d 991, 1001 [" ' "error is never presumed, but must be affirmatively shown, and the burden is upon the appellant to present a record showing it, any uncertainty in the record [is] resolved against him" ' "].)

Section 1054.2, subdivision (b), requires the court to protect witnesses' information by providing for contact only through an investigator appointed by the court or by imposing other reasonable restrictions. The court complied with this statute by ordering the witness names, addresses, and phone numbers of the witnesses to be disclosed to a defense coordinator, which was available to McBreairty through the previous appointment of the Office of Assigned Counsel for a legal runner and services. The court had no obligation to contact the public defender's office or otherwise pursue the matter for McBreairty.

## C

### *No Duty of the Prosecutor to Provide Information Pursuant to Brady*

McBreairty argues once the *Pitchess* motion was granted, the prosecution had a duty under *Brady* to investigate and obtain the information, then disclose it to

11

McBreairty.  Under *Brady*, "the prosecution has a constitutional duty to disclose to the defense material exculpatory evidence, including potential impeaching evidence" even when not requested.  (*Johnson, supra,* 61 Cal.4th at p. 709.)

The Supreme Court recently clarified the prosecution's duty under *Brady* as applied to confidential personnel records of police officers who are potential witnesses in criminal cases, i.e., *Pitchess* information.  (*Johnson*, *supra*, 61 Cal.4th at p. 705.)  The court concluded, "the prosecution has no *Brady* obligation to do what the defense can do just as well for itself."  (*Id.* at p. 715.)  "[T]he prosecution and the defense have equal access to confidential personnel records of police officers who are witnesses in a criminal case" through complying with the *Pitchess* procedures.  (*Id.* at p. 716.)  Thus, "the prosecution fulfills its *Brady* obligation if it shares with the defendant any information it has regarding whether the personnel records contain *Brady* material," but has no duty to conduct a defendant's investigation for him.  (*Id.* at pp. 715-716.)

In *Johnson*, the police department told the prosecution that several officers' files might contain *Brady* material.  (*Johnson*, *supra*, 61 Cal.4th at p. 715.)  This was information the defense did not have and the prosecution had a duty under *Brady* to provide that information.  (*Ibid.*)  In this case, there is no indication the prosecution had any information regarding *Brady* material that McBreairty did not have himself.  The prosecution could obtain information in Piercy's file only by filing its own *Pitchess* motion, but it was not obligated to file such a motion.  (*Id.* at pp. 714, 718-719.)

12

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


IRION, J.

13